Ashley C. Seeley, Bar No. 270530
ashley@calhounseeley.com
SEELEY LLC
1459 18th Street #174
San Francisco, California 94107
Telephone: (720) 272-1799

Attorney for Defendant
NATIONAL AG FINANCE INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| WILLIAM KASEL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL AG FINANCE INC., a Delaware corporation; JOSH MITCHEY, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-04310<br><br>**NOTICE OF REMOVAL**<br><br>28 U.S.C. §§ 1332, 1441, 1446<br><br>Removed from Los Angeles County Superior Court, Southwest District, Case No. 26TRCV00817<br><br>Complaint Filed: March 6, 2026<br>Trial Date: None |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF WILLIAM KASEL:**

**PLEASE TAKE NOTICE** that Defendant National Ag Finance Inc. (NAF) hereby removes the above-titled action, *William Kasel v. National Ag Finance Inc., et al.*, Case No. 26TRCV00817 (state court action), from Los Angeles County Superior Court, Southwest District, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and states as follows:

## I. JURISDICTION [LOCAL RULE 8-1]

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to 28 U.S.C. section 1441(a), because it is a civil action, complete diversity of citizenship exists between the parties, and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs. As set forth below, this case meets all requirements of 28 U.S.C. section 1332 and is timely and properly removed by the filing of this notice. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c), 1391, and 1446.

## II. PLEADINGS, PROCESS, AND ORDERS

2. Plaintiff purports to assert six causes of action in the complaint: (1) Breach of Written Contract; (2) Failure to Pay Final Wages; Waiting Time Penalties under Labor Code sections 201, 202, and 203; (3) Failure to Furnish Itemized Wage Statements under Labor Code section 226; (4) Failure to Reimburse Business Expenses under Labor Code section 2802; (5) Unfair Business Practices under Business and Professions Code section 17200; and (6) Declaratory Relief under Business and Professions Code section 16600 and Code of Civil Procedure 1060.

## III. BASIS FOR REMOVAL JURISDICTION

3. Diversity jurisdiction exists because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

SEELEY LLC
1459 18th St. #174
San Francisco, California 94107

**A. Complete Diversity Exists.**

4. There must be complete diversity between the plaintiff and all defendants, meaning no defendant can be from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

5. Plaintiff is a citizen and resident of California. (Compl. ¶ 1.) A "person's domicile is [their] permanent home, where [they] reside with the intention to remain or to which [they] intend[] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

6. NAF is a citizen of Delaware and Colorado for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). NAF is a Delaware corporation with its principal place of business at 5500 Greenwood Plaza Blvd., Suite 130, Greenwood Village, Colorado 80111. (Compl. ¶ 2.) For diversity purposes, a corporation is deemed a citizen of every state where it is incorporated and the state where it has its principal place of business — its "nerve center," meaning the place where the corporation's officers direct, control, and coordinate activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

7. Defendant Joshua J. Mitchey, named in the complaint as "Josh Mitchey," is a citizen of Colorado. *Kanter*, 265 F.3d at 857. Mitchey is an individual domiciled in Denver, Colorado. (Compl. ¶ 3.)

8. The citizenship of Doe defendants is disregarded for removal. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

9. Complete diversity exists: plaintiff is a California citizen, NAF is a citizen of Delaware and Colorado, and Mitchey is a Colorado citizen. No defendant shares plaintiff's citizenship.

**B. The Amount in Controversy Exceeds $75,000.**

10. Under 28 U.S.C. § 1332(a), the matter in controversy must exceed $75,000. This requirement is met.

11. The amount in controversy is determined by the allegations in the complaint. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The

SEELEY LLC
1459 18th St. #174
San Francisco, California 94107

SEELEY LLC
1459 18th St. #174
San Francisco, California 94107

complaint seeks: compensatory damages of $20,520 for alleged unpaid consulting fees (Compl., Prayer for Relief ¶ (a)); waiting time penalties of up to $48,000 under Labor Code § 203 (Compl., Prayer for Relief ¶ (d)); wage statement penalties of up to $4,000 under Labor Code § 226(e) (Compl., Prayer for Relief ¶ (e)); unreimbursed expenses of $8,000 to $12,000 under Labor Code § 2802 (Compl., Prayer for Relief ¶ (f)); and disgorgement of $11,500 to $13,000 (Compl., Prayer for Relief ¶ (h)). Plaintiff also seeks attorney's fees under Labor Code §§ 226(e) and 2802(c). (Compl., Prayer for Relief ¶ (l).) Statutory attorney's fees are included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

12. Causes of Action One and Two seek the same $20,520 in unpaid compensation under different theories; that amount is counted once. For categories pleaded as ranges, the lower figure is used: $8,000 for unreimbursed expenses and $11,500 for disgorgement. Aggregating the non-duplicative categories yields $92,020: $20,520 (unpaid compensation) + $48,000 (waiting time penalties) + $4,000 (wage statement penalties) + $8,000 (unreimbursed expenses) + $11,500 (disgorgement) = $92,020, exclusive of attorney's fees. The amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) (applying the legal certainty standard where a state court complaint alleges damages exceeding the federal jurisdictional minimum).

## IV. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

13. Removal is timely. 28 U.S.C. § 1446(b). Plaintiff commenced this action on March 6, 2026. (Exhibit B (Compl.).) Defendant NAF was served with the summons and complaint on March 25, 2026. This Notice is filed within thirty days of service on NAF and is therefore timely. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999). Mitchey has not been served; the removal clock has not begun to run as to him.

14. **Consent of All Served Defendants.** Under 28 U.S.C. § 1446(b)(2)(A), only defendants "who have been properly joined and served" must join in or consent to removal. Mitchey has not been served with the summons and complaint. His consent is not required. *Destfino v. Reiswig*, 630 F.3d 952, 956-957 (9th Cir. 2011); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, fn. 1 (9th Cir. 1988). NAF is the sole served defendant and removes this action on its own behalf.

15. This Court is the appropriate forum. Plaintiff filed the state court action in Los Angeles County Superior Court, Southwest District. This Court embraces Los Angeles County, California. 28 U.S.C. §§ 1441(a), 1446(a).

16. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders on file in the state court action are attached as Exhibits A to F.

17. NAF will promptly provide written notice of removal to plaintiff and file a copy in the state court action as required by 28 U.S.C. § 1446(d).

## V. CONCLUSION

18. By this notice of removal and the associated attachments, NAF does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action. NAF intends no admission of fact, law, or liability by this notice, and expressly reserves all defenses, motions, and pleas. NAF prays that the state court action be removed to this Court, all further proceedings in the state court be stayed, and that it receive all additional relief to which it is entitled.

## NOTICE TO STATE COURT AND PLAINTIFF

19. Concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of this filing will be sent to plaintiff. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court of the State of California.

SEELEY LLC
1459 18th St. #174
San Francisco, California 94107

Dated: April 23, 2026

SEELEY LLC

*/s/ Ashley C. Seeley*
Ashley C. Seeley

Attorney for Defendant
NATIONAL AG FINANCE INC.

**SEELEY LLC**
1459 18th St. #174
San Francisco, California 94107