UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-04310-RGK-DSR | Date | June 23, 2026 |
| Title | ***William Kasel v. National AG Finance, Inc., et al.*** | | |

---

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion for Leave to File a First Amended Complaint and for Remand to State Court [16]**

## I. INTRODUCTION

On March 6, 2026, William Kasel ("Plaintiff") filed a Complaint in Los Angeles Superior Court against National AG Finance, Inc. ("NAF") and Joshua J. Mitchey ("Mitchey") (together, "Defendants"). (ECF No. 1-2.) In his Complaint, Plaintiff alleges the following causes of action against NAF: (1) breach of written contract; (2) failure to pay final wages and waiting time penalties under California Labor Code §§ 201–03; (3) failure to furnish itemized wage statements under California Labor Code § 226; (4) failure to reimburse business expenses under California Labor Code § 2802; (5) unfair business practices under California Business & Professional Code § 17200 et seq.; and (6) declaratory relief under California Business & Professional Code § 16600 and California Civil Procedure Code § 1060. Plaintiff also asserts the second and fifth causes of action against Mitchey.

On April 23, 2026, NAF removed the action to this Court based on diversity jurisdiction. (Notice of Removal, ECF No. 1.) On May 14, 2026, Plaintiff filed the current Motion for Leave to File a First Amended Complaint and for Remand to State Court. (ECF No. 16.)

For the following reasons, the Court **GRANTS in part** Plaintiff's Motion as to adding the seventh, eighth, and ninth claims against Defendants, and **DENIES in part** Plaintiff's Motion as to joining Ashley C. Seeley as a party. The Court also **DENIES** the request to remand.

## II. FACTUAL BACKGROUND

Unless otherwise stated, the following is alleged in the Complaint:

The business relationship between Plaintiff and Defendants started on April 30, 2025, when Plaintiff sent a consulting agreement form to Mitchey, NAF's Chief Executive Officer and Co-Founder. On May 2, 2025, NAF's Chief Legal Officer ("CLO"), Ashley C. Seeley, Esq. ("Seeley"), revised and

finalized the agreement. The agreement stated that Plaintiff was an "independent contractor" who would provide technology consulting services for NAF's agricultural lending platform. Plaintiff contends that the agreement labelling him as an "independent contractor" was a willful misclassification, and the actual working relationship constituted an employment relationship under California Labor Code § 2775.

The agreement provided that Plaintiff would be compensated at a rate of $200 per hour, payable in fifty-hour increments upon Plaintiff's submission of invoices. Over nine payments from April 2025 to January 2026, NAF paid Plaintiff a total of $92,574. At the time of Plaintiff's voluntary resignation on January 28, 2026, NAF owed Plaintiff a total outstanding compensation of $20,520. As of the filing date of the Complaint, NAF has not paid the outstanding amount. Plaintiff alleges Seeley personally denied Plaintiff's request for timely payment on two separate occasions.

On February 5, 2026, Seeley emailed Plaintiff a cease-and-desist letter, threatening fraud claims. The letter also demanded that Plaintiff return all compensation previously paid to him.

Plaintiff is a citizen of California. NAF is incorporated in Delaware with its principal place of business in Colorado. Mitchey is a citizen of Colorado. (Notice of Removal ¶¶ 5–9, ECF No. 1.) Seeley, who is not a named party in the initial Complaint, is a citizen of California. (Proposed First Amended Compl. ("FAC") ¶¶ 4, 17, ECF No. 17.)

On April 23, 2026, NAF removed the action to this Court based on diversity jurisdiction, supported by a two-paragraph declaration from Seeley identifying herself as NAF's CLO, Chief Operating Officer ("COO"), and Secretary (the "Removal Declaration"). (Seeley Decl., ECF No. 3.)

On May 14, 2026, Plaintiff filed this Motion for Leave to File a First Amended Complaint and for Remand, seeking to add Seeley as an additional defendant to two carried-forward claims: causes of action two and five listed above. (*See* Pl.'s Mot.; Proposed FAC.) He also seeks to add three new claims against Defendants and Seeley: retaliation under California Labor Code § 98.6, attempted enforcement of a void contract under California Business & Professional Code § 16600.5, and intentional infliction of emotional distress (hereinafter, the "seventh, eighth, and ninth claims"). (*Id.*)

## III. <u>JUDICIAL STANDARD</u>

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000.

Under Federal Rule of Civil Procedure ("Rule") 15(a), "courts should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a plaintiff seeks to amend

their complaint post-removal to add a diversity-destroying party, "the amendment cannot be presumed appropriate, and the logic and policy of Rule 15(a) do not apply." *Khachunts v. Gen. Ins. Co. of Am.*, 682 F. Supp. 3d 827, 833 (C.D. Cal. 2023) (quoting *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999)). Instead, the court scrutinizes the proposed diversity-destroying amendment and has broad discretion to either deny the joinder and retain jurisdiction or allow the joinder and remand the case to state court. 28 U.S.C. § 1447(e); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In exercising this broad discretion, courts deploy a six-factor test to determine whether to allow or deny the joinder. *Khachunts*, 682 F. Supp. 3d at 832.

## IV. DISCUSSION

Plaintiff seeks leave to amend his Complaint in two respects. First, Plaintiff requests to add three additional claims against existing Defendants, alleging retaliation, attempted enforcement of a void contract, and intentional infliction of emotional distress. Defendants do not oppose these amendments. Accordingly, per Rule 15, Plaintiff's request for leave to amend the Complaint in this first respect is **GRANTED**.

Second, Plaintiff seeks to amend his Complaint to add Seeley as a defendant, which would destroy diversity jurisdiction. Defendants oppose the Motion as to this second respect.

As discussed above, once removal has occurred, the decision regarding joinder of a diversity-destroying defendant is left to the discretion of the district court. *Newcombe*, 157 F.3d at 691. In exercising this discretion, courts routinely consider several factors to determine whether to allow joinder under Section 1447(e): (1) whether the party to be joined is needed for just adjudication and is considered a required party under Rule 19(a); (2) whether the statute of limitations would prevent the plaintiff from filing a separate action against the new defendant in state court if joinder is denied; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether the plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) the strength of the claims asserted against the proposed new defendant; and (6) whether denials of joinder would prejudice the plaintiff. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002). No single factor is dispositive, and any factor can be decisive on its own. *Khachunts*, 682 F. Supp. 3d at 833.

### A. Just Adjudication

To determine whether the party sought to be joined is needed for just adjudication, the court asks whether a proposed defendant would be joined as a required party under Rule 19(a). *Boon*, 229 F. Supp. 2d at 1022. In other words, the court considers if proceeding without the party would preclude complete relief among existing parties or subject a party to the risk of inconsistent obligations. *Id*. In cases of diversity-destroying joinder, courts take guidance from the standard set forth in Rule 19(a) but ultimately follow the less restrictive standard of Section 1447(e). *Khachunts*, 682 F. Supp. 3d at 833.

Joinder under Section 1447(e) is appropriate "when failure to join will lead to separate and redundant actions," but it is not necessary "where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* (quoting *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d. 1008, 1011–12 (N.D. Cal. 2000)).

Plaintiff argues that joining Seeley to this action is needed for just adjudication because Plaintiff cannot obtain individual recovery against her in this action otherwise and doing so in the same action is judicially efficient. However, this is not the standard for just adjudication. The applicable question is whether the plaintiff can get "complete relief" from the existing parties. Fed. R. Civ. P. 19(a). NAF is already a named party, and since NAF is both Seeley's alleged employer and a contracting party to the agreement at issue, NAF can accord relief on all claims to make Plaintiff whole. *See Newcombe*, 157 F.3d at 689–91 (holding that joining an artist who drew the advertisement at issue was unnecessary because the agency who employed the artist was already named and could satisfy damages). Plaintiff argues that denying joinder may lead to duplicative actions since the case against Seeley is grounded in the same common nucleus of events. Nonetheless, the fact remains that denying the joinder of Seeley would not "prevent complete relief" from NAF, it would only preclude individual recovery from an additional party.

Despite the factual overlap of the accusations, NAF is already a named defendant who can accord complete relief on all claims. Joinder is therefore not necessary for just adjudication, and this factor weighs against the requested amendment.

### B. Statute of Limitations

Next, the Court considers whether the statute of limitations would prevent Plaintiff from filing a separate new action against the proposed defendant in state court if joinder is denied. *Boon*, 229 F. Supp. 2d at 1020. If the limitations period has not run, this factor cuts against joinder because the plaintiff retains an adequate alternative remedy in state court. *Khachunts*, 682 F. Supp. 3d at 834 (citing *Sandhu v. Volvo Cars of N. Am., LLC*, 2017 WL 402495, at *3 (N.D. Cal. Jan. 31, 2017)).

Here, the statute of limitations period for the claims against Seeley does not expire until 2028, at the earliest. Thus, since Plaintiff retains an adequate alternative remedy in state court against Seeley, this factor weighs against permitting joinder.

### C. Unexplained Delay

In determining whether there has been an unexplained delay, the court examines the timeliness of a plaintiff's request to join the non-diverse defendant. *Khachunts*, 682 F. Supp. 3d at 834 (citing *Clinco*, 41 F. Supp. 2d at 1083). Courts consider the amount of time elapsed since removal, the progress

of the case, and whether the moving party knew or should have known the facts and theories supporting amendment earlier. *Id.* at 834–35.

Plaintiff argues that there is no unexplained delay because at the time this Motion was filed, the action has been in federal court for fewer than two weeks, no scheduling conference or discovery has taken place, and Seeley's disclosure of her role as NAF's COO occurred on April 23, 2026, over a month after this action began. However, the inquiry also requires the Court to consider whether the moving party knew or should have known the facts and theories supporting amendment earlier. *Id.* In the original Complaint, Plaintiff included allegations identifying Seeley and her personal involvement with the at issue contract and payment. The mere surfacing of her title as COO does not change Seeley's conduct. Given the allegations in the original Complaint, Plaintiff was aware of Seeley's executive-level role when filing the original Complaint, and the proposed FAC modifies those initial allegations only in title and specificity, not in substance. Identifying Seeley in the original Complaint demonstrates not only that Seeley could have been named from the outset, but also that Plaintiff was aware of her identity at the time of filing. *See Boon*, 229 F. Supp. 2d at 1022–23 ("[I]t is within the Court's discretion under § 1447(e) to deny joinder of a diversity-destroying party whose identity was ascertainable and thus could have been named in the first complaint.").

Although the proposed joinder of Seeley comes early in the case and shortly post-removal, Plaintiff's allegations of Seeley's actions in the original Complaint show that he knew or should have known to name her as a party in the original Complaint. Thus, this factor disfavors joinder.

### D. Plaintiff's Motive is to Defeat Federal Jurisdiction

The central question in assessing Plaintiff's motive is "whether the sole purpose of seeking to join the non-diverse defendant is to defeat diversity jurisdiction." *Khachunts*, 682 F. Supp. 3d at 835 (quoting *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1285 (C.D. Cal. 2015)). Courts look to several sub-factors to assess motive: (1) whether a plaintiff was aware of removal when amending the complaint; (2) whether an amended complaint contains only minor or insignificant changes; (3) whether a plaintiff has provided an explanation for why claims against the non-diverse defendant were not asserted earlier; and (4) whether a plaintiff has asserted a facially valid claim against the proposed defendant. *Id.* (citing *Quesada v. Atrium Hosp. LP*, 2023 WL 1861213, at *7 (C.D. Cal. Dec. 9, 2023)).

Plaintiff alleges the amendment is a natural progression of claims and not a post-removal fabrication designed to destroy diversity. Plaintiff argues that he did not know of Seeley's COO title until her Removal Declaration was filed. The Court is unpersuaded. First, Plaintiff acknowledges the requested amendment was prompted by the disclosure of Seeley's COO title in the Removal Declaration. Second, the knowledge Plaintiff alleges he gained from the Removal Declaration is superficial at best. The Declaration simply revealed Seeley's title but not her actions as an officer of the company, the latter of which Plaintiff already identified in the original Complaint. Third, to explain why

claims were not asserted earlier, Plaintiff argues that he did not know the extent of Seeley's involvement with the alleged misconduct. However, Plaintiff's own statements in this current Motion cut against that argument because he admits that he "detailed her personal involvement in the events giving rise to this case" in the original Complaint. (Pl.'s Mot. 18.) Fourth, Plaintiff's claims against Seeley are not facially valid.[1]

In sum, Plaintiff's primary argument for joinder is the surfacing of Seeley's title as COO. However, the timing of the post-removal amendment, the minor title change, the description of Seeley's conduct in the original Complaint, and Plaintiff's failure to assert facially valid claims against Seeley in the proposed FAC disfavor joinder.

**E. <u>Strength of Plaintiff's Claims</u>**

For the next factor, the Court evaluates the facial validity of the claims to determine if they appear or "seem" valid. *IBC Aviation Services*, 124 F. Supp. 2d at 1011; *see also Khachunts*, 682 F. Supp. 3d at 836. A claim is facially valid if it "seems valid," which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment. *Khachunts*, 682 F. Supp. 3d at 836 (internal citation omitted). The claim need not be plausible nor stated with particularity for joinder under the Section 1447(e) analysis. *Id.* However, a plaintiff must still establish the elements of the alleged cause of action to show that the claims are not futile. *Id.* at 836–37. The Court considers the claims asserted against Seeley in the following three categories.

1. <u>*Plaintiff's Claims as to the Cease-and-Desist Letter*</u>

Plaintiff asserts his seventh (retaliation), eighth (attempted enforcement of a void contract), ninth (intentional infliction of emotional distress), and part of his fifth (unfair business practices) claims based on the cease-and-desist letter against Seeley are valid because she "personally caused, directed, or authorized" the letter. (Pl.'s Mot. 24.) Defendants argue the primary issue with claims related to the cease-and-desist letter is that they are barred by litigation privilege under California Civil Code § 47(b). This privilege protects communication (1) made in a judicial proceeding, including pre-litigation correspondence sent in serious, good-faith contemplation of litigation; (2) by litigants or other authorized participants; (3) to achieve the objects of the litigation; and (4) having some logical relation to the action. *Silberg v. Anderson*, 50 Cal. 3d 205, 212–13 (1990), *as modified* (Mar. 12, 1990).

Here, the cease-and-desist letter satisfies all of the legal privilege elements because (1) Plaintiff now sues on the subject the letter addressed, making it a pre-litigation letter; (2) NAF's counsel, Seeley,

[1] As explained in further detail below in Section IV.E.1., Plaintiff's claims against Seeley based on the cease-and-desist letter are barred by litigation privilege. Additionally, Plaintiff's claims against Seeley as to her individual liability for the wage violations and willful misclassification are weak, at best, as the proposed FAC fails to sufficiently allege each element of the respective causes of action.

sent the letter on NAF's behalf to Plaintiff; (3) the letter sought to achieve the objects of litigation, namely the return of funds and contractual compliance; and (4) the letter bears relation to this action because four claims are based on the letter. Thus, Plaintiff's seventh, eighth, ninth, and part of the fifth claims based on this letter are facially invalid.

2. *Plaintiff's Claims as to Wage Violations*

Plaintiff alleges that Seeley was an officer acting on behalf of NAF who caused wage violations. Plaintiff further alleges that Mitchey directed Plaintiff to route invoices through Seeley, stating "Ashley is handling all invoicing/payments now." (Pl.'s Mot. 21.) Plaintiff contends that Seeley "denied Plaintiff's wage payment requests on two separate occasions," thereby imposing individual liability against her under California Labor Code § 203 and § 558.1. (*Id.* at 21.)

Under the permissive standard courts have applied to interpret Section 1447(e), the statement that Seeley handled invoices initially "seem[s] valid" to show she had a part in the wage violation. However, the claim is ultimately weak because individual liability under California Labor Code § 558.1 requires causation. The facts pleaded suggest Seeley was involved, but not that she was directly responsible for the wage violations. *See Usher v. White*, 64 Cal. App. 5th 883, 898–99 (holding that an owner whose signature appeared on the plaintiff's paychecks did not "cause" the wage violations, because she had no responsibility for making payroll decisions). Thus, the amendment to add Seeley as a defendant to the second (failure to pay wages and waiting time violation) claim are weak, if not facially invalid.

3. *Plaintiff's Claims as to Willful Misclassification*

Additionally, Plaintiff alleges that Seeley willfully misclassified him as an independent contractor in violation of California Labor Code § 226.8. Plaintiff asserts Seeley "drafted, revised, and finalized" the consulting agreement. (Pl.'s Mot. 24.) However, liability under California Labor Code § 226.8 requires "voluntarily and knowingly" misclassifying a worker. Here, Plaintiff's FAC pleads that Seeley "as a California-barred attorney, knew or should have known" the classification was unlawful. (Proposed FAC 24.) This assertion is weak, since no facts allege that Seeley had the decision-making authority to voluntarily classify Plaintiff on behalf of NAF. The main factual allegation Plaintiff relies on to establish Seeley's authority is her title as COO, but he does not otherwise amend descriptions of her conduct between the FAC and the original Complaint. Thus, the amendment to add Seeley as a defendant to the fifth (unfair business practices) claim based on willful misclassification are also weak, if not facially invalid.

In sum, the retaliation, attempted enforcement of a void contract, intentional infliction of emotional distress, and unfair business practices claims related to the cease-and-desist letter are barred by litigation privilege. The remaining wage violations and willful misclassification claims are weak

because Plaintiff failed to establish all the required elements to prevail on these claims. Thus, overall, the claims disfavor joinder.

**F. <u>Denial Would Not Prejudice Plaintiff</u>**

The final factor courts consider is whether a plaintiff will suffer meaningful prejudice if joinder is denied. *Boon*, 229 F. Supp. 2d at 1020. Where the claims against a proposed defendant arise out of the same factual circumstances as claims already pending, judicial economy and the parties' interests favor having the entire controversy adjudicated at once. *Khachunts*, 682 F. Supp. 3d at 837 (citing *Avellanet v. FCA US LLC*, 2019 WL 5448199, at *4 (C.D. Cal. Oct. 24, 2019)). Forcing a plaintiff to proceed with expensive litigation in state court alongside a factually similar claim in federal court creates avoidable prejudice. *Id.* However, a plaintiff will not be prejudiced if the court can accord complete relief without the proposed defendant. *Id.* (citing *Eguilos v. Volkswagen Grp. Of Am., Inc.*, 2022 WL 2713273, at *5 (E.D. Cal. July 13, 2022)).

Here, the allegations against Seeley arise from the same factual circumstances as the pending claims, and thus judicial economy favors joinder. Plaintiff claims that if Seeley is not joined, he risks duplicative-state court litigation, which can be particularly burdensome on a pro se litigant. Plaintiff also argues that he will not be able to obtain punitive damages against Seeley. However, Plaintiff is not prejudiced if the Court can accord complete relief without Seeley, and, as discussed previously, NAF is a named defendant who can accord complete relief on the valid claims. *See Villarroel v. Staples, Inc.*, 697 F. Supp. 3d 901, 905 (N.D. Cal. 2023) (denying joinder of an employee, even though the employee's conduct may have been relevant to a claim for punitive damages, because his absence as a defendant will not preclude full recovery from the employer). Finally, Seeley can still be subpoenaed and may be sued in state court. *See Newcombe*, 157 F.3d at 691 (explaining that a plaintiff suffers no undue prejudice because the diversity-destroying party could be subpoenaed and sued separately in state court).

Judicial economy and duplicative-state court litigation may favor joinder. However, since NAF is a named defendant who can accord complete relief and Seeley can be subpoenaed and sued in state court, this factor, overall, weighs against joinder.

After careful consideration and application of the Section 1447(e) multifactor test, the Court finds that the factors ultimately weigh against joinder. Thus, the requested joinder amendment is **DENIED**. Since complete diversity remains intact, the Court **DENIES** the request to remand this action.

## V. <u>CONCLUSION</u>

For the forgoing reasons, the Court **GRANTS in part** Plaintiff's Motion as to adding the seventh, eighth, and ninth claims against Defendants, and **DENIES in part** Plaintiff's Motion as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-04310-RGK-DSR | Date | June 23, 2026 |
| Title | ***William Kasel v. National AG Finance, Inc., et al.*** | | |

joining Seeley and remanding this action. Any amended complaint must be filed no later than **seven (7) days** after this Order's issuance.

**IT IS SO ORDERED.**

__________ : __________

Initials of Preparer ____________________