Ashley C. Seeley (State Bar No. 270530)
ashley@calhounseeley.com
SEELEY LLC
1459 18th Street #174
San Francisco, California 94107
Telephone:  (720) 272-1799

Attorney for Defendant
JOSHUA J. MITCHEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| WILLIAM KASEL, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL AG FINANCE INC., a Delaware corporation; JOSHUA J. MITCHEY, an individual; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:26-cv-04310-RGK-DSR<br><br>**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: March 6, 2026<br>First Amended<br>Complaint Filed: June 30, 2026<br>Trial Date:  January 26, 2027 |

SEELEY LLC
1459 18th St. #174
San Francisco, California

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

SEELEY LLC
1459 18th St. #174
San Francisco, California

Defendant Joshua J. Mitchey (Mitchey), by and through his undersigned counsel, hereby answers the First Amended Complaint (FAC) filed by Plaintiff William Kasel (Plaintiff or Kasel) and asserts his affirmative defenses below. Except as expressly admitted, Mitchey denies each and every allegation of the FAC. The headings used by Kasel in the FAC are restated herein for ease of reference only. Mitchey denies the characterizations contained in those headings and denies any allegations they purport to assert.

## PART I: RESPONSES TO ALLEGATIONS

### GENERAL ALLEGATIONS

**The Parties**

1.      Mitchey admits Kasel is an individual and a resident of California. Mitchey lacks knowledge or information sufficient to form a belief as to whether Kasel resides in Hermosa Beach, Los Angeles County, California, and on that basis, denies that allegation.

2.      Mitchey admits National Ag Finance Inc. (NAF) is a Delaware corporation with its principal place of business at 5500 Greenwood Plaza Blvd., Suite 130, Greenwood Village, Colorado 80111. Mitchey admits NAF does not underwrite or fund loans. NAF facilitates agricultural loan transactions by marketing to prospective borrowers and connecting them with lending partners, and it uses software in support of those operations. Mitchey denies the remaining allegations of Paragraph 2.

3.      Mitchey admits he is an individual and is NAF's Chief Executive Officer and a co-founder. Mitchey admits NAF made a company email address available to Plaintiff for use during the engagement. Mitchey admits he and Plaintiff exchanged text messages and that he was copied on NAF's February 5, 2026 letter; those documents speak for themselves, and Mitchey denies every characterization of them. Mitchey denies he is properly sued in his individual capacity. Mitchey denies the remaining allegations of Paragraph 3.

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

**SEELEY LLC**
1459 18th St. #174
San Francisco, California

4.  Mitchey admits Ashley C. Seeley is NAF's Chief Legal Officer, Chief Operating Officer, and Secretary, is a co-founder of NAF, is an attorney admitted to the California State Bar (Bar No. 270530), and is NAF's counsel of record in this action. Mitchey admits Seeley is not named as a defendant in the FAC. Mitchey admits Seeley negotiated the Consulting Agreement (Agreement) and the Confidential Information and Invention Assignment Agreement (CIIAA) on NAF's behalf and sent NAF's February 5, 2026 letter; those documents and the parties' negotiation correspondence speak for themselves, and Mitchey denies every characterization of them and of their drafting history. Mitchey admits Seeley corresponded with Plaintiff regarding payment timing; that correspondence speaks for itself, and Mitchey denies every characterization of it. Seeley's professional background and practice are matters of public record, and Mitchey denies Plaintiff's characterization of them. The allegations concerning imputation, inference, knowledge, and willfulness state legal conclusions to which no response is required; to the extent a response is required, Mitchey denies them. Mitchey denies the remaining allegations of Paragraph 4.

5.  Mitchey lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 5 and, on that basis, denies them.

**Jurisdiction and Venue**

6.  Mitchey admits Plaintiff filed this action in the Superior Court of California, County of Los Angeles, Southwest District, Case No. 26TRCV00817, on March 6, 2026; that NAF removed the action to this Court on April 23, 2026, asserting diversity jurisdiction under 28 U.S.C. § 1332; and that the Court entered its Order on June 23, 2026 (ECF No. 37). The Order speaks for itself, and Mitchey denies every characterization of it. The remaining allegations, including Plaintiff's statements regarding the scope of this pleading and his reservation of rights, require no response; to the extent a response is required, Mitchey denies them.

7.  Mitchey admits this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a); that Plaintiff is a citizen of California; that NAF is a citizen of Delaware,

3                    Case No. 2:26-cv-04310-RGK-DSR

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

SEELEY LLC
1459 18th St. #174
San Francisco, California

its state of incorporation, and of Colorado, its principal place of business; that Mitchey is a citizen of Colorado; and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

7A.    Paragraph 7A states legal conclusions to which no response is required. To the extent a response is required, Mitchey does not contest personal jurisdiction for purposes of this action and denies the remaining allegations of Paragraph 7A, including every characterization of his conduct.

8.    Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, Mitchey admits this Court has personal jurisdiction over Defendants for purposes of this action; admits NAF engaged Plaintiff, a California resident, as an independent contractor; and denies the remaining allegations of Paragraph 8.

9.    Mitchey admits venue is proper in this District. Mitchey denies the remaining allegations of Paragraph 9.

## FACTUAL ALLEGATIONS

**The Consulting Agreement**

10.    Mitchey admits that on or about April 30, 2025, Plaintiff sent Mitchey a draft consulting agreement, and that the parties executed the Agreement on or about May 2, 2025. The Agreement, the CIIAA, and the parties' negotiation correspondence speak for themselves, and Mitchey denies every characterization of them and of their drafting history. Mitchey denies the remaining allegations of Paragraph 10.

11.    The Agreement speaks for itself, and Mitchey denies every characterization of it, including any characterization by selective quotation. Mitchey denies the remaining allegations of Paragraph 11.

12.    Mitchey admits the Agreement classified Plaintiff as an independent contractor. The Agreement and the CIIAA speak for themselves, and Mitchey denies every characterization of them, including any characterization by selective quotation. Mitchey denies the remaining allegations of Paragraph 12.

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

13.    The Agreement and the CIIAA speak for themselves, and Mitchey denies every characterization of them, including any characterization by selective quotation. Mitchey denies the remaining allegations of Paragraph 13.

14.    The Agreement speaks for itself, and Mitchey denies every characterization of it, including any characterization by selective quotation. Mitchey denies the remaining allegations of Paragraph 14.

**The Working Relationship Was Employment in All But Name**

15.    Mitchey denies the allegations in Paragraph 15.

16.    Mitchey admits NAF made a company email address available to Plaintiff for use during the engagement, that Plaintiff attended certain NAF meetings, and that Plaintiff was at times identified using a CTO title. The August 26, 2025 communications speak for themselves, and Mitchey denies every characterization of them. Mitchey denies the remaining allegations of Paragraph 16.

17.    Mitchey admits NAF does not underwrite or fund agricultural loans. NAF facilitates agricultural loan transactions by marketing to prospective borrowers and connecting them with lending partners, and it uses software in support of those operations. Mitchey denies that Plaintiff built the software NAF uses, denies that any software product is NAF's business or its only competitive differentiator, and denies that the services Plaintiff performed were within NAF's usual course of business. Mitchey denies the remaining allegations of Paragraph 17.

18.    Mitchey admits he initiated contact with Plaintiff through the Upwork platform on or about April 26, 2025. Mitchey lacks knowledge or information sufficient to form a belief as to the remaining allegations and, on that basis, denies them.

19.    Mitchey denies the allegations of Paragraph 19.

**Payment History and NAF's Failure to Pay Final Wages**

20.    Mitchey admits NAF made approximately nine payments to Plaintiff between April 2025 and January 2026; the payment records and the parties'

SEELEY LLC

1459 18th St. #174
San Francisco, California

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

communications speak for themselves, and Mitchey denies every characterization of them. Mitchey denies the remaining allegations of Paragraph 20.

21. Mitchey admits Plaintiff gave written notice terminating the Agreement on January 28, 2026; that notice and Plaintiff's related communications speak for themselves, and Mitchey denies every characterization of them. Mitchey lacks knowledge or information sufficient to form a belief as to Plaintiff's private time-tracking practices and, on that basis, denies those allegations. Mitchey denies the remaining allegations of Paragraph 21, including that Plaintiff completed all outstanding Priority 0 tasks.

22. Mitchey admits he responded to Plaintiff's January 28, 2026 notice; that response speaks for itself, and Mitchey denies every characterization of it, including any characterization by selective quotation. Mitchey admits NAF organized a transition process following Plaintiff's termination of the Agreement, the written records of which speak for themselves. Mitchey denies the remaining allegations of Paragraph 22.

23. Mitchey denies that he or NAF owes Plaintiff $12,400 or any other amount. Mitchey admits Plaintiff submitted invoices totaling $12,400. The February 6, 2026 letter and the invoice and payment records speak for themselves, and Mitchey denies every characterization of them. Mitchey denies the remaining allegations of Paragraph 23.

24. The parties' communications concerning payment timing speak for themselves, and Mitchey denies every characterization of them. Mitchey denies the remaining allegations of Paragraph 24.

25. Mitchey admits NAF has made no payment to Plaintiff since Plaintiff terminated the Agreement on January 28, 2026. Mitchey denies that wages of any kind are owed or were ever owed to Plaintiff, and denies he or NAF refused to pay any amount due. Mitchey lacks knowledge or information sufficient to form a belief

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

as to Plaintiff's personal financial circumstances and, on that basis, denies those allegations. Mitchey denies the remaining allegations of Paragraph 25.

**NAF's Retaliatory Cease and Desist Letter**

26. Mitchey admits Seeley sent Plaintiff a letter dated February 5, 2026, on NAF's behalf, and that Mitchey was copied; the letter and its transmittal speak for themselves, and Mitchey denies every characterization of them. Mitchey denies the remaining allegations of Paragraph 26.

27. The February 5, 2026 letter speaks for itself, and Mitchey denies every characterization of it, including any characterization by selective quotation. Mitchey admits Plaintiff sent Mitchey a text message on February 5, 2026, which speaks for itself, and Mitchey denies every characterization of it. Mitchey denies the remaining allegations of Paragraph 27, including that the third-party accounts used in connection with NAF's operations were Plaintiff's personal accounts, that any access change was accidental, that no NAF data was compromised, that no service interruption occurred, and that the disruption lasted approximately 2.5 hours.

28. The February 5, 2026 letter speaks for itself, and Mitchey denies every characterization of it, including any characterization by selective quotation. Mitchey denies the remaining allegations of Paragraph 28.

29. Mitchey admits he sent Plaintiff a text message on or about October 8, 2025, which speaks for itself, and Mitchey denies every characterization of it, including any characterization of its meaning or context. Mitchey denies the remaining allegations of Paragraph 29.

30. Mitchey admits Plaintiff sent a letter dated February 6, 2026, which speaks for itself, and Mitchey denies every characterization of it. Mitchey denies the remaining allegations of Paragraph 30.

31. Mitchey denies the allegations of Paragraph 31, including each of its subparts.

32. Mitchey denies the allegations of Paragraph 32.

**SEELEY LLC**
1459 18th St. #174
San Francisco, California

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

33. Any invitations or account records concerning the transition speak for themselves, and Mitchey denies every characterization of them. Mitchey denies the remaining allegations of Paragraph 33.

34. Mitchey admits Seeley's April 23, 2026 declaration states her positions; the declaration speaks for itself, and Mitchey denies every characterization of it. Mitchey denies the remaining allegations of Paragraph 34.

35. The Agreement, the CIIAA, and the parties' negotiation correspondence speak for themselves, and Mitchey denies every characterization of them and of their drafting history. The allegations concerning Seeley's knowledge and intent state legal conclusions to which no response is required; to the extent a response is required, Mitchey denies them. Mitchey denies the remaining allegations of Paragraph 35.

36. Mitchey admits Seeley participated in a video meeting with X-Caliber personnel in or about January 2026, attended by Plaintiff and Mitchey; any statements made in that meeting, and any recording or transcription of it, speak for themselves, and Mitchey denies every characterization of them. Mitchey denies the remaining allegations of Paragraph 36.

37. The parties' communications concerning payment timing speak for themselves, and Mitchey denies every characterization of them. Mitchey denies the remaining allegations of Paragraph 37.

38. Mitchey denies the allegations of Paragraph 38.

**Mitchey's Willful Misclassification Scheme**

39. The Agreement and the CIIAA speak for themselves, and Mitchey denies every characterization of them, including any characterization by selective quotation. The allegations concerning Seeley's knowledge, and the allegations that Mitchey's classification of Plaintiff was willful, state legal conclusions to which no response is required; to the extent a response is required, Mitchey denies them. Mitchey denies the remaining allegations of Paragraph 39.

SEELEY LLC
1459 18th St. #174
San Francisco, California

8   Case No. 2:26-cv-04310-RGK-DSR
DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

39A.   Mitchey admits NAF entered into a statement of work with another consultant in or about October 2025; that document speaks for itself, and Mitchey denies every characterization of it. Mitchey denies the remaining allegations of Paragraph 39A.

40.   Mitchey admits NAF did not provide Plaintiff statements under Labor Code section 226 because Plaintiff was an independent contractor to whom section 226 does not apply. Mitchey denies that any such statement was required and denies the remaining allegations of Paragraph 40.

41.   Mitchey denies he or NAF failed to reimburse Plaintiff for any expense he or NAF was obligated to reimburse, and denies any reimbursement obligation existed. The invoice and payment records speak for themselves, and Mitchey denies every characterization of them. Mitchey denies the remaining allegations of Paragraph 41.

42.   Mitchey denies the allegations of Paragraph 42.

42A.   Mitchey denies the allegations of Paragraph 42A.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION: BREACH OF WRITTEN CONTRACT

### (Against Defendant NAF)

43.   Mitchey incorporates his responses to Paragraphs 1 through 42A as though fully set forth herein. This cause of action is not asserted against Mitchey and no response is required.

44.   Mitchey denies the allegations of Paragraph 44, except as expressly admitted in response to the General Allegations above.

45.   Mitchey denies the allegations of Paragraph 45.

46.   Mitchey denies the allegations of Paragraph 46.

47.   Mitchey denies the allegations of Paragraph 47.

48.   Mitchey denies the allegations of Paragraph 48.

## SECOND CAUSE OF ACTION:

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

SEELEY LLC
1459 18th St. #174
San Francisco, California

**FAILURE TO PAY FINAL WAGES; WAITING TIME PENALTIES**

**(Lab. Code §§ 201, 202 Against NAF; Lab. Code § 203**

**Against NAF and Mitchey Pursuant to § 558.1)**

49.   Mitchey incorporates his responses to Paragraphs 1 through 48 as though fully set forth herein.

50.   Mitchey denies the allegations of Paragraph 50.

51.   Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, Mitchey denies the allegations of Paragraph 51.

52.   Mitchey denies the allegations of Paragraph 52, except as expressly admitted in response to the General Allegations above.

53.   Mitchey denies the allegations of Paragraph 53.

54.   Mitchey denies the allegations of Paragraph 54.

55.   Mitchey denies the allegations of Paragraph 55, except that the text messages referenced therein speak for themselves, and Mitchey denies every characterization of them, including any characterization by selective quotation.

**THIRD CAUSE OF ACTION:**

**FAILURE TO FURNISH ITEMIZED WAGE STATEMENTS**

**(Lab. Code § 226 – Against Defendant NAF)**

56.   Mitchey incorporates his responses to Paragraphs 1 through 55 as though fully set forth herein. This cause of action is not asserted against Mitchey and no response is required.

57.   Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Mitchey denies the allegations of Paragraph 57.

58.   Mitchey denies the allegations of Paragraph 58, except as expressly admitted in response to the General Allegations above.

59.   Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, Mitchey denies the allegations of Paragraph 59.

60.   Mitchey denies the allegations of Paragraph 60.

10                                    Case No. 2:26-cv-04310-RGK-DSR

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

**SEELEY LLC**
1459 18th St. #174
San Francisco, California

# FOURTH CAUSE OF ACTION:

## FAILURE TO REIMBURSE BUSINESS EXPENSES

### (Lab. Code § 2802 – Against Defendant NAF)

61. Mitchey incorporates his responses to Paragraphs 1 through 60 as though fully set forth herein. This cause of action is not asserted against Mitchey and no response is required.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, Mitchey denies the allegations of Paragraph 62.

63. Mitchey denies the allegations of Paragraph 63, except as expressly admitted in response to the General Allegations above.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, Mitchey denies the allegations of Paragraph 64.

## FIFTH CAUSE OF ACTION: UNFAIR BUSINESS PRACTICES

### (Bus. & Prof. Code § 17200 et seq. – Against NAF and Mitchey)

65. Mitchey incorporates his responses to Paragraphs 1 through 64 as though fully set forth herein.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, Mitchey denies the allegations of Paragraph 66.

67. Mitchey denies the allegations of Paragraph 67, including each of its subparts.

68. Mitchey denies the allegations of Paragraph 68.

69. Mitchey denies the allegations of Paragraph 69.

70. Mitchey denies the allegations of Paragraph 70.

70A. Mitchey denies the allegations of Paragraph 70A.

71. Mitchey denies the allegations of Paragraph 71.

72. Mitchey denies the allegations of Paragraph 72.

## SIXTH CAUSE OF ACTION: DECLARATORY RELIEF

### (Bus. & Prof. Code § 16600; CCP § 1060 – Against Defendant NAF)

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

SEELEY LLC
1459 18th St. #174
San Francisco, California

73. Mitchey incorporates his responses to Paragraphs 1 through 72 as though fully set forth herein. This cause of action is not asserted against Mitchey and no response is required.

74. Mitchey denies the allegations of Paragraph 74.

75. Mitchey denies the allegations of Paragraph 75, except that the Agreement and the CIIAA speak for themselves, and Mitchey denies every characterization of them, including any characterization by selective quotation.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, Mitchey denies the allegations of Paragraph 76.

77. Mitchey denies the allegations of Paragraph 77, except as expressly admitted in response to the General Allegations above.

78. Paragraph 78 states Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Mitchey denies the allegations of Paragraph 78 and denies that Plaintiff is entitled to any of the relief sought.

79. Mitchey denies the allegations of Paragraph 79.

### SEVENTH CAUSE OF ACTION: RETALIATION

### (Lab. Code § 98.6 – Against NAF and Mitchey)

80. Mitchey incorporates his responses to Paragraphs 1 through 79 as though fully set forth herein.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, Mitchey denies the allegations of Paragraph 81.

82. Mitchey denies the allegations of Paragraph 82.

83. Mitchey denies the allegations of Paragraph 83, except that the communications referenced therein speak for themselves, and Mitchey denies every characterization of them.

84. Mitchey admits Plaintiff sent a letter dated February 6, 2026, which speaks for itself, and Mitchey denies every characterization of it. Mitchey denies the remaining allegations of Paragraph 84.

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

85.    Mitchey denies the allegations of Paragraph 85.

86.    Mitchey denies the allegations of Paragraph 86.

87.    Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, Mitchey denies the allegations of Paragraph 87.

88.    Mitchey denies the allegations of Paragraph 88, except that the communications referenced therein speak for themselves, and Mitchey denies every characterization of them.

89.    Mitchey denies the allegations of Paragraph 89.

## PRAYER FOR RELIEF

Mitchey denies that Plaintiff is entitled to any of the relief requested in his Prayer for Relief, or to any relief whatsoever.

SEELEY LLC

1459 18th St. #174
San Francisco, California

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

**SEELEY LLC**
1459 18th St. #174
San Francisco, California

## PART II: AFFIRMATIVE DEFENSES

Without waiving or limiting any of the foregoing responses, and without assuming the burden of proof on any issue on which Plaintiff bears the burden, Mitchey asserts the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The FAC, and each cause of action therein, fails to state a claim upon which relief can be granted, including because the FAC fails to state a claim against Mitchey individually.

### SECOND AFFIRMATIVE DEFENSE

### (Independent Contractor Status)

2.      Kasel was an independent contractor, not an employee, throughout the engagement. The parties expressly agreed to this classification in Section 5 of the Agreement. Kasel controlled the method, details, and means of performing his services. Kasel was free to hire subcontractors at his own expense. Kasel worked remotely using his own equipment and tools. Each cause of action that depends on an employment relationship fails because no employment relationship existed, including under Labor Code section 2776 and *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341 (1989).

### THIRD AFFIRMATIVE DEFENSE

### (No Individual Liability Under Labor Code Section 558.1)

3.      Mitchey did not, on behalf of NAF, violate or cause a violation of any Labor Code provision within the meaning of Labor Code section 558.1, and is not individually liable for any of the conduct alleged.

### FOURTH AFFIRMATIVE DEFENSE

### (No Private Right of Action Under Labor Code Section 558.1)

4.      Labor Code section 558.1 does not create a private right of action enforceable by Plaintiff against Mitchey.

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

**FIFTH AFFIRMATIVE DEFENSE**

(No Restitutionary Recovery)

5.     Plaintiff's claim under Business and Professions Code section 17200 against Mitchey fails because Mitchey neither received nor holds any money or property of Plaintiff, and no restitutionary remedy lies against him.

**SIXTH AFFIRMATIVE DEFENSE**

(Good Faith Dispute)

6.     The non-payment of any amounts claimed by Kasel was and is the result of a good-faith dispute as to whether any amounts are owed. A good-faith dispute negates the "willful" element required for waiting time penalties under Labor Code section 203. NAF disputes that any compensation is owed in light of Kasel's material breaches of the Agreement, including the delivery of materially deficient work product and the February 2026 unauthorized access incident. This affirmative defense is directed to the Second Cause of Action, the Third Cause of Action, and any other cause of action requiring a showing of willfulness or knowing conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

(Governing Law: Colorado)

7.     The Agreement and the CIIAA each contain a Colorado choice-of-law provision (Section 11(a) and Section 12(a), respectively). Colorado law governs the parties' contractual rights and obligations. To the extent the threshold employee-versus-contractor determination is governed by California law, the contractual provisions nevertheless govern the parties' respective obligations regarding compensation, expenses, termination, and confidentiality.

**EIGHTH AFFIRMATIVE DEFENSE**

(Litigation Privilege)

8.     Plaintiff's claims, including the Seventh Cause of Action, are barred in whole or in part by California Civil Code section 47(b) to the extent they are premised on the February 5, 2026 letter, NAF's counterclaims, or any other communication

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

SEELEY LLC
1459 18th St. #174
San Francisco, California

made in connection with anticipated or pending litigation. *Silberg v. Anderson*, 50 Cal. 3d 205 (1990); *Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006).

## NINTH AFFIRMATIVE DEFENSE

### (Noerr-Pennington Doctrine)

9.      Plaintiff's claims are barred in whole or in part by the Noerr-Pennington doctrine and the First Amendment to the extent they are premised on the filing or maintenance of counterclaims or other petitioning activity.

## TENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

10.     Plaintiff's claims for equitable relief, including under Business and Professions Code section 17200, are barred because Plaintiff has an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, and Acquiescence)

11.     Kasel's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and acquiescence based on Kasel's specific conduct, including: (a) voluntarily executing the Agreement with full knowledge of the independent contractor *classification* in Section 5; (b) voluntarily executing the CIIAA, including the certifications in Exhibit E; (c) performing under both agreements for approximately nine months without objecting to his classification or the terms of the engagement; (d) invoicing NAF as an independent contractor throughout the engagement; (e) simultaneously operating multiple concurrent business ventures, which is inconsistent with an employment relationship; and (f) holding himself out on the Upwork platform, through which NAF first engaged him.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

12.     Kasel's claims, or certain of them, are barred in whole or in part by the applicable statute(s) of limitations.

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

SEELEY LLC
1459 18th St. #174
San Francisco, California

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damages / Speculative Damages)

13. Kasel's alleged damages are speculative, uncertain, and unsubstantiated. The waiting time penalty calculation assumes an eight-hour workday that was never required. The Section 17200 disgorgement claim is based on hypothetical employer costs never incurred because Kasel was an independent contractor. To the extent Kasel suffered damages, which Mitchey denies, they are not recoverable as alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses / Reservation of Rights)

14. Mitchey expressly reserves the right to amend this answer and to assert additional affirmative defenses upon discovery and further investigation of the facts and claims at issue.

WHEREFORE, Mitchey prays for judgment as follows on Plaintiff's First Amended Complaint:

A. That Plaintiff take nothing by reason of the First Amended Complaint or any cause of action therein;

B. That the First Amended Complaint be dismissed with prejudice;

C. That Mitchey recover his costs of suit; and

D. Such other and further relief as the Court deems just and proper.

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

## **DEMAND FOR JURY TRIAL**

Mitchey demands a trial by jury on all issues so triable.

Dated: July 14, 2026

SEELEY LLC

By:     */s/ Ashley C. Seeley*
Ashley C. Seeley (State Bar No. 270530)
Attorney for Defendant Joshua J. Mitchey

**SEELEY LLC**
1459 18th St. #174
San Francisco, California

18                    Case No. 2:26-cv-04310-RGK-DSR
**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES**

## CERTIFICATE OF SERVICE

I work in San Francisco County, California, am over the age of eighteen years, and am not a party to this action. My business address is 1459 18th Street #174, San Francisco, California 94107.

On July 14, 2026, I served the following document by placing a true and correct copy in a sealed envelope on the person below as follows:

**DEFENDANT JOSHUA J. MITCHEY'S
ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE
DEFENSES**

on the following interested party:

Plaintiff William Kasel, *Pro Se*
946 3rd Street
Hermosa Beach, California 90254

by U.S. Mail. (Fed. R. Civ. P. 5(b)(2)(C).) I deposited a true and correct copy of the foregoing document in a sealed envelope, with postage fully prepaid, in the United States Mail in San Francisco County, California, addressed as set forth above.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on July 14, 2026, at San Francisco, California.

SEELEY LLC

By:     */s/ Ashley C. Seeley*
          Ashley C. Seeley (State Bar No. 270530)
          Attorney for Defendant Joshua J. Mitchey

19                                    Case No. 2:26-cv-04310-RGK-DSR

**DEFENDANT JOSHUA J. MITCHEY'S ANSWER TO FIRST AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES**